CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2012

JULIA C. DUDLEY, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:08CR00053-003 |
| | ) | (CASE NO. 7:12CV80437) |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| CANDACE LANE TEW, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Candace Lane Tew, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Tew challenges the validity of her confinement pursuant to her conviction in this court for conspiracy to distribute methamphetamine. After consideration of the defendant's submissions and the record, the court dismisses the § 2255 motion as untimely filed.[1]

I

Candace Lane Tew pleaded guilty on June 15, 2009, pursuant to a written plea agreement, to conspiracy to distribute more than 500 grams of methamphetamine. Under the agreement, the parties stipulated that Tew would be held accountable for more than 15 kilograms of methamphetamine and receive a sentence enhancement for possession of a dangerous weapon. In exchange for her guilty plea, the United States moved to dismiss the other charges against Tew and agreed to recommend an offense level reduction for her acceptance of responsibility. The court sentenced Tew to 235 months in prison and entered judgment to this effect on August 31, 2009. Thereafter, the court granted the United States' motion for reduction of Tew's

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

sentence under Rule 35(b) of the Federal Rules of Criminal Procedure and entered an amended judgment on July 2, 2010, sentencing Tew to 192 months in prison. Tew did not appeal.

In her § 2255 motion, Tew alleges that her trial counsel was ineffective in failing to argue that Tew's sentence should not be enhanced based on her possession of the firearms because the firearms at issue belonged to her codefendant; that counsel failed to explore all legal options regarding Tew's plea and sentence; and that recent developments in the law provide grounds on which Tew's conviction must be reversed and/or her sentence must be reduced. The court filed the § 2255 motion conditionally, notified Tew that it appeared to be untimely under § 2255(f), and granted her an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely.

Tew has responded with additional argument on the issue of timeliness. After considering this additional material, the court concludes that the § 2255 motion must be dismissed as untimely.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, her conviction becomes final when her opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows her an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Tew on August 31, 2009, and the amended judgment reducing her sentence was entered on July 2, 2010. Because Tew did not appeal either of these judgments, her conviction and sentence became final, at the latest, on July 16, 2010, when her opportunity to appeal the amended judgment expired.[2] Tew then had one year–until July 18, 2011–to file a timely § 2255 motion. Tew filed her § 2255 motion on April 23, 2012.[3] As such, her motion is untimely under § 2255(f)(1).

Tew argues that the court should calculate her one-year filing period under § 2255(f)(3), based on the following recent court decisions: United States v. Simmons, 649 F.3d 237 (4th Cir. Aug. 17, 2011) (holding that hypothetical aggravating factors cannot be considered when calculating defendant's maximum punishment for prior conviction used to enhance federal sentence); Lafler v. Cooper, ___U.S.___, 132 S. Ct. 1376 (March 21, 2012) (holding that habeas corpus petitioner was prejudiced by counsel's deficient performance advising him to reject the

---

[2] See Fed. R. App. P. 4(b)(1)(A) (providing for 14-day period to file notice of appeal); Fed. R. App. P. 26(a)(3) (counting weekends and public holidays except when last day of filing period falls on one).

[3] Generally, a prisoner's habeas petition is deemed filed when she delivers it to prison officials for mailing to the court. See Rule 3(d), Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988). Tew signed and dated her § 2255 motion on April 23, 2012, and the court received and docketed it on May 3, 2012.

3

plea agreement and go to trial); and Missouri v. Frye, ___U.S.___, 132 S. Ct. 1399 (March 21, 2012) (holding that counsel was deficient in failing to communicate prosecutor's plea offer to defendant before offer expired). None of these court decisions triggers calculation of Tew's filing period under § 2255(f)(3), however. The two Supreme Court decisions did not recognize any new rights for criminal defendants; these decisions merely applied the well-established rule in Hill v. Lockhart, 474 U.S. 52 (1985) that a claim of ineffective assistance regarding plea bargaining requires a showing that but for counsel's deficient representation at that stage of the proceedings, the outcome of the plea process would have been different. Lafler, 132 S. Ct. at 1405-06; Frye, 132 S. Ct. at 1390. The United States Court of Appeals for the Fourth Circuit's decision in Simmons also cannot trigger § 2255(f)(3), since this section by its own terms applies only to rights newly recognized by United States Supreme Court decisions. For these reasons, the court concludes that Tew fails to demonstrate that her § 2255 motion is timely under § 2255(f)(3) and the case law she cites.

Tew fails to demonstrate any other reason that her § 2255 motion should not be dismissed as untimely under § 2255(f)(1). She does not allege facts on which she is entitled to calculation of her statutory filing period under any of the other subsections of § 2255(f). Nor does Tew present any ground on which she is entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition).

4

Case 7:08-cr-00053-GEC   Document 327   Filed 06/15/12   Page 4 of 5   Pageid#: 962

For the reasons stated, the court concludes that Tew's § 2255 motion must be summarily dismissed as untimely filed. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 15th day of June, 2012.

/s/ Glen Conrad
Chief United States District Judge

5

Case 7:08-cr-00053-GEC   Document 327   Filed 06/15/12   Page 5 of 5   Pageid#: 963